**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. H-05-337 |
| | § | |
| DEBBIE RAMCHARAN, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

Debbie Ramcharan has moved for a new trial and, in the alternative, a judgment of acquittal.  Ramcharan was convicted for her role in a conspiracy to fraudulently obtain insurance payments for flood damage to houses and their contents.

Rule 33 permits the district court to grant a new trial if "necessitated by the interests of justice."  *United States v. Tarango,* 396 F.3d 666, 672 (5th Cir.2005).  Unlike the Rule 29 analysis, when considering a Rule 33 motion, the "trial judge may weigh the evidence and may assess the credibility of the witnesses . . . ," *Robertson,* 110 F.3d at 1117, but must not "set aside a jury's verdict because it runs counter to [the] result the district court believed was more appropriate."  *Tarango,* 396 F.3d at 672; *U.S. v. Collins,* 243 Fed. Appx. 56, 58, 2007 WL 2116426, 2 (5th Cir. 2007).

Rule 29 permits a defendant to move for a judgment of acquittal on the basis that the evidence presented to the jury is insufficient to sustain a conviction.  When the defendant challenges the sufficiency of the evidence, "the relevant question is whether, after viewing

the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *see also United States v. Lopez-Urbina,* 434 F.3d 750, 757 (5th Cir.) (applying *Jackson*), *cert. denied,* --- U.S. ----, 126 S.Ct. 672, 163 L.Ed.2d 541 (2005).  The court considers the evidence, all reasonable inferences drawn therefrom, and all credibility determinations in the light most favorable to the prosecution.  *Glasser v. United States,* 315 U.S. 60, 80 (1942); *United States v. Resio-Trejo,* 45 F.3d 907, 910-11 (5th Cir.1995).  The court's role does not extend to weighing the evidence or assessing the credibility of witnesses.  *Glasser,* 315 U.S. at 80.  The evidence need not exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, and the jury is free to choose among reasonable constructions of the evidence.  *United States v. Salazar,* 66 F.3d 723, 728 (5th Cir.1995); *Resio-Trejo,* 45 F.3d at 911.

The government produced sufficient evidence for a rational jury to find Ramcharan guilty.  See *Jackson v. Virginia,* 443 U.S. at 318.  The record does not show that the verdict was so against the weight of the evidence as to justify a new trial based on the interests of justice.  Ramcharan's role in the offense and relative culpability were addressed in the sentence.  The motion for a new trial or for judgment of acquittal is denied.

SIGNED on June 2, 2008, at Houston, Texas.

Lee H. Rosenthal
United States District Judge